IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIM HUNT,                                           07-CV-764-BR

        Plaintiff,                            OPINION AND ORDER

v.

MICHAEL ASTRUE, Commissioner
of Social Security,

        Defendant.


**TIM D. WILBORN**
19093 S. Beavercreek Road
PMB #314
Oregon City, OR 97045
(503) 632-1120

        Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1158

**MICHAEL McGAUGHRAN**
Office of the General Counsel

1 - OPINION AND ORDER

**DAVID R. JOHNSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2113

    Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (#15). For the following reasons, the Court **GRANTS** Plaintiff's Motion in the amount of $24,307.75.

## BACKGROUND

On March 24, 2003, Plaintiff filed an action in this Court, 03-CV-385-ST, in which he sought judicial review of a final decision of the Commissioner of the Social Security Commission denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Social Security Act.

On February 2, 2004, Magistrate Judge Janice M. Stewart issued an Opinion and Order in 03-CV-385-ST reversing the Commissioner's decision and remanding the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On May 3, 2004, the parties filed a Stipulation for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $7,000. On May 6, 2004,

2 - OPINION AND ORDER

Magistrate Judge Stewart entered an Order based on that Stipulation and awarded EAJA fees to Plaintiff's counsel in the amount of $7,000.

On June 15, 2005, Plaintiff filed a second action in this Court, 05-CV-871-HA, in which he sought judicial review of the final decision of the Commissioner again denying Plaintiff's application for DIB.  On July 7, 2006, Chief Judge Ancer L. Haggerty issued an Order of Remand reversing the Commissioner's decision and remanding the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  On August 7, 2006, the parties filed a Stipulation for EAJA fees in the amount of $5,950.  On August 8, 2006, the Court entered an Order based on the parties' Stipulation in which it awarded EAJA fees to Plaintiff's counsel in the amount of $5,950.

On May 23, 2007, Plaintiff filed a third action in this Court, 07-CV-764-BR, in which he sought judicial review of the final decision of the Commissioner again denying Plaintiff's application for DIB.  On June 2, 2008, this Court issued an Opinion and Order reversing the Commissioner's decision and remanding the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On June 16, 2008, Plaintiff filed his Unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in which he seeks 25% of the retroactive benefits received by Plaintiff as

3 - OPINION AND ORDER

attorneys' fees for work performed in 03-385-ST, 05-871-HA, and 07-764-BR. Plaintiff requested 25% of the retroactive benefits instead of a dollar amount because the award letter had not yet been issued at the time he filed his § 406(b) Motion. On June 20, 2008, this Court issued an Order holding the Motion for Attorney Fees in abeyance pending the issuance of the award letter.

On August 28, 2008, the parties filed a Stipulation for EAJA fees in the amount of $6,480. On August 29, 2008, the Court entered an Order based on the Stipulation in which it awarded attorneys' fees to Plaintiff's counsel in the amount of $6,480 under the EAJA.

The Commissioner ultimately issued a Notice of Award to Plaintiff for retroactive benefits of $174,951.

On November 2, 2008, Plaintiff filed a Supplemental Memorandum in Support of his Motion for Attorney Fees Under 42 U.S.C. § 406(b).

## **STANDARDS**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due

4 - OPINION AND ORDER

benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) expressly requires any attorneys' fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense." *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht,* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007) (citing *Gisbrecht*, 535 U.S. at 807). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

In *Crawford v. Astrue*, the Ninth Circuit noted § 406(b)

5 - OPINION AND ORDER

"'instructs courts to review for reasonableness fees yielded by [contingency fee] agreements.'"  545 F.3d 854, 862 (9th Cir. 2008)(quoting *Gisbrecht*, 535 U.S. at 808).  In addition,

> [t]he methodology by which a district makes such reasonableness determinations is for that court to select in the exercise of its sound discretion. In making these determinations, it would be preferable for a district court to begin with the contingency-fee agreement and decrease from there, rather than increase from a lodestar calculation. It does not seem to be an abuse of discretion, however, to use the latter approach.

*Id.*

### DISCUSSION

**I.   Attorneys' fees agreement**.

Plaintiff entered into a contingent-fee agreement in which he agreed to pay his attorneys the greater of (1) 25 percent of the past-due benefits resulting from Plaintiff's claim or (2) such amount as Plaintiff's attorneys were able to obtain pursuant to the EAJA.  This type of contingent-fee agreement for 25 percent of all past-due benefits awarded is "characteristic" of Social Security benefit cases.  *Gisbrecht*, 535 U.S. at 807.

**II.  Reasonableness of attorneys' fees requested**.

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht*, 535 U.S. at 807.  To determine whether a fee is reasonable, the Supreme Court identified a number of relevant

factors that a court may consider: the attorneys' risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits "in comparison to the amount of time counsel spend on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel. *Id.* at 808. No single factor is dispositive. *Id.* The district court's decision with respect to a fee award "qualif[ies] for highly respectful review." *Id.*

Here Plaintiff requests fees of $43,737.75 pursuant to the contingency-fee agreement between Plaintiff and his counsel. A review of the record establishes Plaintiff's counsel was able to secure an award of past benefits for Plaintiff through extended litigation at the district-court level after Plaintiff had sought and been denied benefits three times by an Administrative Law Judge and on appeal. The Court, therefore, concludes Plaintiff's counsel provided competent, capable representation and did not cause any delay of Plaintiff's claim. In addition, the Court notes Defendant does not contend the amount of fees requested is unreasonable.

The Court also takes into consideration the fact that counsel must take claims such as these on contingency and that counsel bear the risk of not receiving any compensation for their work if they do not recover past-due benefits for their clients. *See In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d

7 - OPINION AND ORDER

1291, 1299-1300 (9th Cir. 1994).

Accordingly the Court concludes a contingent-fee award of $43,737.75, which is 25 percent of the past-due benefits obtained by Plaintiff's counsel on Plaintiff's behalf, is reasonable.

### III. The net amount of attorneys' fees in this matter does not exceed 25% of Plaintiff's past-due benefits.

The Court may award attorneys' fees and costs to plaintiffs' attorneys under the EAJA for their representation of plaintiffs in court if certain criteria are met.  *See* 28 U.S.C. § 2412(d)(1)(A).  *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).  In addition, pursuant to § 406(b), courts may award such fees "not in excess of 25 percent of the . . . past-due benefits awarded to the claimant."

An attorney who receives fees for the same work under the EAJA and § 406(b) must refund the smaller fee to the plaintiff. 99 Stat. 183, 186 (1985).  *See also Gisbrecht*, 535 U.S. at 796. Congress passed this amendment to prevent attorneys from keeping all of the fees under the EAJA and § 406(b), which would "deprive[] the plaintiff of the benefits intended by the EAJA." 1985 U.S.C.C.A.N. 132, 149 (1985).

On remand, the Commissioner awarded Plaintiff $174,951 in past-due benefits.  Plaintiff's counsel received $7,000 in attorneys' fees pursuant to the EAJA for his work on 03-385-ST, $5,950 for his work on 05-871-HA, and $6,480 for his work in 07-764-BR for a total award of $19,430 in EAJA fees for

8 - OPINION AND ORDER

representing Plaintiff before this Court.  Plaintiff's counsel now moves for attorneys' fees of $43,737.75 under § 406(b) for his representation of Plaintiff in all three matters.  Pursuant to 99 Stat. 183, 186 (1985), however, if Plaintiff's counsel is awarded $43,737.75 in attorneys' fees under § 406(b), he must refund to Plaintiff the $19,430 in fees previously obtained under the EAJA.  The net result of this exchange is that counsel is entitled to an additional $24,307.75 in attorneys' fees for the representation of Plaintiff before this Court to ensure that the total amount of fees awarded to Plaintiff's counsel is 25 percent of Plaintiff's past-due benefits.


## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (#15) in the amount of **$24,307.75**, which represents the total fee award of **$43,737.75** less the **$19,430** EAJA fees already received by counsel.  See *Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED.

DATED this 15th day of January, 2009.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER